UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO.

TERESA A. MCCOY )
    Plaintiff )
     )
V. )
     )
PRUDENTIAL INSURANCE COMPANY )
OF AMERICA )
    Defendant )

05 11283 NG

RECEIPT # _____
AMOUNT $ 250.00
SUMMONS ISSUED 1
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ___
BY DPTY. CLK. M.P.
DATE 6/17/2005

## COMPLAINT WITH JURY DEMAND

MAGISTRATE JUDGE JGD

### Parties

1.  Plaintiff is Teresa A. McCoy ("Ms. McCoy") an individual having a usual place of residence at East Taunton, Bristol County, Massachusetts.

2.  Defendant is Prudential Insurance Company of America ("Prudential") an insurance company existing under the laws of the State of New Jersey, having a place of business at 213 Washington Street, Newark, New Jersey and doing business in the Commonwealth of Massachusetts.

### Jurisdiction and Venue

3.  This Court has original jurisdiction for claims for benefits arising under 29 U.S.C. § 1132. Venue is proper before this Court, because the plaintiff resides in the eastern district of Massachusetts.

1

**Facts Common to All Counts**

4. At all times material hereto, Ms. McCoy had been employed as a full time employee of State Street Bank and Trust Company.

5. At all times relevant hereto, Ms. McCoy was a beneficiary under a short term and long term group disability insurance plan provided to State Street Bank and Trust Company and its employees and underwritten and administered by Prudential ("Plan").

6. The Plan is an "employee welfare benefit plan," as defined by ERISA, 29 U.S.C. § 1002(1), and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

7. The Plan is liable for payment of benefits under the Plan.

8. Ms. McCoy is a "participant" in the Plan, as defined by ERISA, 29 U.S.C. § 1002(7).

9. At all times material hereto, and since the date that Ms. McCoy first sought short term disability benefits under the Plan, she has been "totally disabled" within the meaning of the terms of the Plan, and has been entitled under the Plan to be paid both short-term disability and long-term disability benefits, and continues to be disabled to date.

10. At all times material hereto, Ms. McCoy has internally appealed the Plan's denial of her request for benefits and has followed the requirements of the Plan.

11. Ms. McCoy has complied with administrative procedures under the Plan and under ERISA.

12. Prudential has not properly been granted authority to make discretionary benefit decisions by either the plan sponsor, plan administrator or the Massachusetts Division of Insurance. To the extent that Prudential contends that it has been granted authority to make discretionary benefit decisions, that authority was self granted by Prudential alone.

13. The insurance policy under which MetLife paid benefits to Ms. McCoy was not approved by the Massachusetts Division of Insurance, permitting the use of a clause granting discretionary authority to Prudential to pay benefits as it determined.

14. To the extent that Prudential had been granted discretionary authority under the Plan, Prudential abused that discretion and should not been accorded the deference owed to a true fiduciary.

### Count I

### Benefits Due From Prudential
### Under ERISA, 29 U.S.C.§ 1132

15. Plaintiff realleges paragraphs 1 through 14 and incorporates the same by reference as if fully set forth herein again.

16. As the *de facto* plan administrator and benefit payor, Prudential is operating under a conflict of interest, and to the extent that Prudential contends that its decision to deny benefits under the discretionary standard of review, that contention must be denied, and Prudential's decision must be reviewed under a *de novo* standard of review.

17. Prudential's decision to deny to Ms. McCoy's benefits under the Plan are wrongful whether determined under *de novo* standard, or the arbitrary and capricious standard, or the heightened scrutiny standard of review.

18. Ms. McCoy fulfilled all of the requirements for obtaining benefits under the Plan and the insurance policy of Prudential.

19. As a result of Prudential's refusal and failure to pay to Ms. McCoy disability benefits provided to her and to those participants who are totally disabled, Ms. McCoy is entitled to relief against Prudential to recover benefits due to her under the terms of the Plan and insurance policy, to enforce her rights to benefits under the Plan and to clarify her rights to future benefits under the Plan and insurance policy, pursuant to Section 502 of ERISA, 29 U.S.C. §1132.

## Count II

### Breach of Contract Against Prudential

20. Plaintiff realleges paragraphs 1 through 19 and incorporates the same by reference as if fully set forth herein again.

21. Ms. McCoy is a direct, or intended third party beneficiary of an insurance contract with Prudential and State Street Bank & Trust Company

22. Prudential breached that insurance contract, and caused Ms. McCoy to suffer damages.

## Count III

### Failure to Timely Provide Plan Document and SPD

23. Plaintiff realleges paragraphs 1 through 22 and incorporates the same by reference as if fully set forth herein again.

24. Ms. McCoy, through her attorneys, made written request for the Summary Plan Description, the Plan documents and other documents required to be disclosed in accordance with ERISA and the United States Department of Labor regulations.

25. Pursuant to 29 U.S.C. § 1024(b)(4) the plan administrator shall, whether *de facto* or actual, upon written request of a participant, furnish a copy of the "other instruments under which the plan is operated," and a summary plan description.

26. Prudential failed to provide all of the requested documents within thirty days, are a subject to a penalty of as described in 29 U.S.C. § 1132( c)(1) of up to $110/per day beginning on the thirty-first (31st) day.

WHEREFORE, plaintiff Teresa A. McCoy demands relief and judgment against the defendant Prudential Insurance Company of America as follows:

1. In an amount of damages to be determined by this Court, or jury, plus pre-judgment interest, post-judgment interest, costs and reasonable attorneys' fees allowed by statute or otherwise.

2. Injunctive relief declaring the rights and duties of the plaintiff and defendant with respect to past benefits owed to the plaintiff, and future benefits to be paid to the plaintiff.

3. For an order precluding a remand of this matter for further determination by the defendant regarding the denial of benefits.

4. For a penalty in the amount of $110.00 per day for each day defendant failed to timely deliver "other instruments under which the plan is operated" and a summary plan description.

5.  For such other relief as this Court deems just and proper.

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.**

Date: June 17, 2005

TERESA MCCOY
By Her Attorneys,

*/s/ Jonathan M. Feigenbaum*
Jonathan M. Feigenbaum, Esq.
B.B.O. N#546686
Philips & Angley
One Bowdoin Square
Boston, MA 02114
Tel. No. : (617) 367-8787

L:\Tmcc001\complaint.wpd

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Teresa A. McCoy v. Prudential Insurance Company of America

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Jonathan M. Feigenbaum
ADDRESS Phillips & Angley, One Bowdoin Square, Boston, MA 02114
TELEPHONE NO. 617-367-8787

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Teresa A. McCoy

**DEFENDANTS**
Prudential Insurance Company of America

(b) County of Residence of First Listed Plaintiff    Bristol
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jonathan M. Feigenbaum, Esq.
Phillips & Angley
One Bowdoin Square, Boston, MA 02114
(617) 367-8787

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product | ☐ 630 Liquor Laws ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ Medicare Act | ☐ 330 Federal Employers' Liability | Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIW C/DIW W (405(g)) ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☒ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Claim for disability benefits under 29 U.S.C. §1132

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** to be determined
**CHECK YES** only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 6/17/05
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____