UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 05-11283-NG

| | |
|---|---|
| TERESA A. MCCOY | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PRUDENTIAL INSURANCE COMPANY | ) |
| OF AMERICA | ) |
| | ) |
|     Defendant. | ) |

**PLAINTIFF'S MOTION TO VACATE STAY AND TO RESTORE
THIS MATTER TO THE ACTIVE LITIGATION DOCKET
WITH RULE 7.1 CERTIFICATION**

Now comes the plaintiff Teresa A. McCoy ("Ms. McCoy") and moves this court to enter an order vacating the stay of this action, returning this matter to the active litigation docket and setting this matter for a scheduling conference forthwith. In support of this motion, the plaintiff states as follows:

**1.** **Nature of the Action**. Ms. McCoy seeks to recover disability benefits under a group insurance policy issued by Defendant, Prudential Insurance Company of America ("Prudential") to Ms. McCoy's employer, State Street Bank pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically 29 U.S.C. § 1132(a)(1)(B).

**2.** **Procedural Background**. Ms. McCoy commenced this suit ib June 17, 2005. Currently, this matter has been stayed by agreement of the parties and order of this Court.

Defendants have not yet answered the Complaint. Rather, the parties had agreed to permit Ms. McCoy to complete the ERISA internal appeal process ("Internal Appeal") prior to

litigating to conclusion this action.

On September 14, 2005 Prudential received from the plaintiff further documents in support of her appeal.  By letter dated October 5, 2005, Prudential represented that it would advise the plaintiff of the status of this matter within 30 days.  To date, Prudential has failed to address the plaintiff's claim

One hundred and twenty five (125) days has expired since Prudential received the request for review on September 14, 2005.   Under the applicable United States Department of Labor Regulations, Prudential was obligated to make a claim review decision prior to the expiration of this time period.

Under the applicable regulations in effect for pre-January 2002 claims,  29 C.F.R. § 2560.503-1(h) requires that a plan administrator's decision reviewing a denial of benefits must ordinarily be made within 60 days of the request for such review, but may be made within 120 days for special circumstances. 29 C.F.R. § 2560.503-1(h)(1)(i). Notice of any such extension must be given in writing before the commencement of the extension. 29 C.F.R. § 2560.503-1(h)(2). If no decision is rendered by the deadline, the claim for benefits is deemed denied on review. 29 C.F.R. § 2560.503-l(h)(4). Under the post-January 2002 claims regulations, these deadlines are shortened to 45 days and 90 days respectively.

In the First Circuit, the new claims regulations have been interpreted to be a clarification of the old. Glista v. Unum Life Ins. Co. of  America, 378 F.3d 113, 123  (1st Cir. 2004). Under either set of regulations, the passage of one twenty five days (125) divests Prudential of any

discretionary authority that it may have had, and this Court, is now obligated to review this claim *de novo*. See Nichols vs. Prudential Ins. Co., of Am. 406 F 3d 98, 105 (2nd Cir. 2005) ("Deemed denial" of claim for benefits based on plan administrator's failure to comply in any reasonable respect with regulatory deadlines also warranted review *de novo*, rather than under arbitrary and capricious standard).

WHEREFORE, plaintiff requests that this Court restore this matter to the active docket, and that a scheduling conference be established forthwith.

## RULE 7.1 CERTIFICATION

Plaintiff's counsel certifies that he conferred with attorney Carey L. Bertrand for the defendant and the parties were not able to voluntarily reach a resolution on this matter.

TERESA MCCOY,
By her Attorneys,

*/s/ Jonathan M. Feigenbaum*
_____
Jonathan M. Feigenbaum, Esq.
B.B.O. #546686
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
617-367-8787

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. (NEF), and paper copies will be sent to those indicated as non-registered participants on this day, January 18, 2005.

*/s/ Jonathan M. Feigenbaum*
_____

L:\LITG\Tmcc001\restore.mot.wpd