## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TERESA MCCOY,**<br>**Plaintiff,**<br><br>v.<br><br>**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,**<br>**Defendant** | C.A. NO. 05-11283NMG |

### DEFENDANT'S, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, LIMITED OPPOSITION TO PLAINTIFF'S MOTION TO VACATE THE STAY and to RESTORE THIS MATTER TO THE ACTIVE LITIGATION DOCKET

NOW COMES the Defendant, The Prudential Insurance Company of America ("Prudential"), and hereby opposes Plaintiff's Motion to Vacate Stay and to Restore This Matter to the Active Litigation Docket. Prudential's opposition is limited in that it does not oppose the lifting of the stay itself.

Prudential opposes Plaintiff's attempt to establish that Plaintiff's claim for benefits should be considered to be "deemed denied." Plaintiff's argument that this claim should be "deemed denied," is based solely on a Second Circuit case which is not precedent in this Circuit. Plaintiff can cite to no case within this District or Circuit to support her argument that this claim should be "deemed denied." It is rather ironic that after Prudential agreed to accept Plaintiff's third appeal more than two years after the second appeal stage was completed that Plaintiff now seeks to hold Prudential to its second decision.

Prudential also opposes Plaintiff's Motion to the extent it seeks to establish the *de novo* standard as the applicable standard of review. Plaintiff has argued that Prudential did not

51389.1

respond pursuant to the applicable time standards set out in the applicable regulations. Again, Plaintiff submitted her final appeal more than two years after the second appeal was completed. Prudential's decision has taken additional time beyond the proscribed time period due to the two year lag between appeals. Plaintiff is attempting to have it both ways: she is allowed to submit a late appeal but then is entitled to *de novo* review when Prudential is unable to render a decision (due to the time gap) within the proscribed time period. Moreover, any motion to establish the standard of review should be treated separately and apart from the Motion to Vacate.

WHEREFORE, Prudential respectfully requests that this honorable Court deny Plaintiff's Motion to Vacate the Stay to the extent it seeks a "deemed denial" and the *de novo* standard of review.

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,
By Its Attorneys,

/s/ Carey L. Bertrand
William T. Bogaert, BBO # 546321
Carey L. Bertrand, BBO# 650496
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

## Certificate of Service

I, Carey Bertrand, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the NEF on January 24, 2006.

/s/ Carey Bertrand

51389.1