UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 05-11283-NG

| | |
|---|---|
| TERESA A. MCCOY | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PRUDENTIAL INSURANCE COMPANY | ) |
| OF AMERICA | ) |
| | ) |
|     Defendant. | ) |

## PLAINTIFF'S MOTION TO FILE AND SERVE FIRST AMENDED COMPLAINT
## WITH RULE 7.1 CERTIFICATION

NOW COMES the plaintiff and moves this Honorable Court, pursuant to Fed. R. Civ. P. 15(a), for leave to file a First Amended Complaint. A copy of the First Amended Complaint is filed herewith as EXHIBIT A.

The reason for seeking to file and serve a First Amended Complaint is that in preparation for the Rule 26(f) conference, counsel to defendant Prudential Insurance Company of America disclosed that short term disability benefits are paid solely by the plaintiff's former employer, State Street Corporation. Since plaintiff seeks to recover such benefits in addition to long term disability benefits from defendant Prudential Insurance Company of America, State Street Corporation is a necessary party in this

action. Therefore, plaintiff seeks to file an amended complaint adding State Street Corporation as a party.

This Court granted the parties up to and including April 21, 2006 to file motions to join additional parties and to amend the complaint.

The Plaintiffs state as follows:

1. **Nature of the Action**. Ms. McCoy seeks to recover disability benefits under a group insurance policy issued by Defendant, Prudential Insurance Company of America ("Prudential") to Ms. McCoy's employer, State Street Corporation pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically 29 U.S.C. § 1132(a)(1)(B). After learning from Prudential Insurance Company of America's counsel in preparation for the Rule 26(f) conference that short term disability payments were self funded and part of a pay roll practice plan, the plaintiff seeks to recover such payments from State Street Corporation, because the defendant Prudential Insurance Company of America represented that it is not liable for such payments. Defendant Prudential Insurance Company of America represented that it only acted as a claims adjuster with regard to short term disability payments. For long term disability payments Prudential Insurance Company of America acts as claims adjuster and claims payor.

2. **Procedural Background**. Ms. McCoy commenced this suit on June 17, 2005, and after serving her complaint entered into an agreement whereby

the defendant Prudential Insurance Company of America could further review her claim for benefits.

3. **Subsequent Developments**. After defendant Prudential Insurance Company of America did not make a claims decision within 120 days, Ms. McCoy moved to restore this matter to the active docket. This Court did so, and conducted an initial discovery conference and permitted any party to file a motion to amend and/or join additional parties by April 21, 2006.

4. **Reasons to Allow this Motion.** Pursuant to Fed. R. Civ. P. 15(a), leave should be "'freely given when justice so requires' [and] absent an adequate basis to deny amendment such as futility, bad faith, undue delay or a dilatory motive." Transwitch Corp. v. Galazar Networks, Inc., 377 F. Supp.2d 284, 290 (D. Mass. 2005). In this instance, justice requires granting this motion in order to obtain full relief. The plaintiff has not been dilatory and has acted promptly after pertinent information was disclosed by defendant's counsel.

WHEREFORE Plaintiff requests that leave may be granted to file and serve a First Amended Complaint in the form attached as EXHIBIT A.

### *Rule 7.1 Certification*

Jonathan M. Feigenbaum for the plaintiff certifies that he conferred in accordance with Rule 7.1 of the local rules of this Court with attorney Carey Bertrand for the defendant prior to filing this motion.

> Respectfully submitted,
> TERESA A. MCCOY
> By her attorneys,
>
> /s/ Jonathan M. Feigenbaum
> _____
> Jonathan M. Feigenbaum, B.B.O. #546686
> Philips & Angley, P.C.
> One Bowdoin Square
> Boston, MA 02114
>  (617) 367-8787

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. (NEF), and paper copies will be sent to those indicated as non-registered participants on this day the 18th day of April 2006.

> */s/ Jonathan M. Feigenbaum*

litg/tmcc001/mot.amend/firstamendedcomplaint

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**EXHIBIT A**

CASE NO. 05-11283-NG

| | |
|---|---|
| TERESA A. MCCOY | ) |
|     Plaintiff | ) |
| | ) |
| V. | ) |
| | ) |
| PRUDENTIAL INSURANCE COMPANY | ) |
| OF AMERICA | ) |
| STATE STREET CORPORATION | ) |
|     Defendant | ) |

## FIRST AMENDED COMPLAINT WITH JURY DEMAND

### Parties

1. Plaintiff is Teresa A. McCoy ("Ms. McCoy") an individual having a usual place of residence at East Taunton, Bristol County, Massachusetts.

2. Defendant is Prudential Insurance Company of America ("Prudential") an insurance company existing under the laws of the State of New Jersey, having a place of business at 213 Washington Street, Newark, New Jersey and doing business in the Commonwealth of Massachusetts.

3. Defendant is State Street Corporation, a Massachusetts Corporation, having a usual place of business at One Lincoln Street, Boston, Suffolk County, Massachusetts.

**Jurisdiction and Venue**

4. This Court has original jurisdiction for claims for benefits arising under 29 U.S.C. § 1132. Venue is proper before this Court, because the plaintiff resides in the eastern district of Massachusetts.

**Facts Common to All Counts**

5. At all times material hereto, Ms. McCoy had been employed as a full time employee of State Street Corporation

6. At all times relevant hereto, Ms. McCoy was a beneficiary under a long term group disability insurance plan provided State Street Corporation and its employees and underwritten and administered by Prudential (" LTD Plan").

7. The LTD Plan is an "employee welfare benefit plan," as defined by ERISA, 29 U.S.C. § 1002(1), and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

8. The LTD Plan is liable for payment of benefits under the LTD Plan.

9. Ms. McCoy is a "participant" in the LTD Plan, as defined by ERISA, 29 U.S.C. § 1002(7).

10. At all times material hereto, and since the date that Ms. McCoy first sought short term disability benefits and long term disability payments under the LTD Plan, she has been "totally disabled" within the meaning of the terms of the LTD Plan, and has been entitled under the LTD Plan to be paid long term disability benefits, and was entitled to be paid short term disability benefits under the appropriate governing documents.

11. At all times material hereto, Ms. McCoy has internally appealed the LTD Plan's denial of her request for benefits and has followed the requirements of the LTD Plan.

12. Ms. McCoy has complied with administrative procedures under the LTD Plan and under ERISA.

13. Prudential has not properly been granted authority to make discretionary benefit decisions by either the plan sponsor, plan administrator or the Massachusetts Division of Insurance. To the extent that Prudential contends that it has been granted authority to make discretionary benefit decisions, that authority was self granted by Prudential alone.

14. The insurance policy under which MetLife paid benefits to Ms. McCoy was not approved by the Massachusetts Division of Insurance, permitting the use of a clause granting discretionary authority to Prudential to pay benefits as it determined.

15. To the extent that Prudential had been granted discretionary authority under the LTD Plan, Prudential abused that discretion and should not been accorded the deference owed to a true fiduciary.

## Count I

### Benefits Due From Prudential
### Under ERISA, 29 U.S.C.§ 1132

16. Plaintiff realleges paragraphs 1 through 15 and incorporates the same by reference as if fully set forth herein again.

17. As the *de facto* plan administrator and benefit payor, Prudential is operating under a conflict of interest, and to the extent that Prudential contends that its decision to deny benefits under the discretionary standard of review, that contention must be denied, and Prudential's decision must be reviewed under a *de novo* standard of review.

18. Prudential's decision to deny to Ms. McCoy's benefits under the LTD Plan are wrongful whether determined under *de novo* standard, or the arbitrary and capricious standard, or the heightened scrutiny standard of review.

19. Ms. McCoy fulfilled all of the requirements for obtaining benefits under the LTD Plan and the insurance policy of Prudential.

20. As a result of Prudential's refusal and failure to pay to Ms. McCoy disability benefits provided to her and to those participants who are totally disabled, Ms. McCoy is entitled to relief against Prudential to recover benefits due to her under the terms of the LTD Plan and insurance policy, to enforce her rights to benefits under the LTD Plan and to clarify her rights to future benefits under the LTD Plan and insurance policy, pursuant to Section 502 of ERISA, 29 U.S.C. §1132.

## Count II

### Breach of Contract Against Prudential

21. Plaintiff realleges paragraphs 1 through 20 and incorporates the same by reference as if fully set forth herein again.

22. Ms. McCoy is a direct, or intended third party beneficiary of an insurance contract with Prudential and State Street Corporation.

23. Prudential breached that insurance contract, and caused Ms. McCoy to suffer damages.

### Count III

### Failure to Timely Provide Plan Document and SPD by Prudential

24. Plaintiff realleges paragraphs 1 through 23 and incorporates the same by reference as if fully set forth herein again.

25. Ms. McCoy, through her attorneys, made written request for the Summary Plan Description, the Plan documents and other documents required to be disclosed in accordance with ERISA and the United States Department of Labor regulations.

26. Pursuant to 29 U.S.C. § 1024(b)(4) the plan administrator shall, whether *de facto* or actual, upon written request of a participant, furnish a copy of the "other instruments under which the plan is operated," and a summary plan description.

27. Prudential failed to provide all of the requested documents, including those specifically required to be produced under US Department of Labor regulations, within thirty days, and as such is subject to a penalty of as described in 29 U.S.C. § 1132( c)(1) and the US Department of Labor regulations of up to $110/per day beginning on the thirty-first (31st) day.

### Count IV

**Claim for Benefits Against State Street Corporation**

28. Plaintiff realleges paragraphs 1 through 27 and incorporates the same by reference as if fully set forth herein again.

29. Ms. McCoy is a direct, or intended third party beneficiary of an agreement between Prudential and State Street Corporation, or another form of employee benefit arrangement, whereby Prudential agreed to act as claims adjuster for short term disability benefits, and State Street Corporation agreed to make such payments based on the advice of Prudential.

30. State Street Corporation owes benefit payments to Ms. McCoy.

WHEREFORE, plaintiff Teresa A. McCoy demands relief and judgment against the defendant Prudential Insurance Company of America as follows:

1. In an amount of damages to be determined by this Court, or jury, plus pre-judgment interest, post-judgment interest, costs and reasonable attorneys' fees allowed by statute or otherwise.

2. Injunctive relief declaring the rights and duties of the plaintiff and defendant with respect to past benefits owed to the plaintiff, and future benefits to be paid to the plaintiff.

3. For an order precluding a remand of this matter for further determination by the defendant regarding the denial of benefits.

4. For a penalty in the amount of $110.00 per day for each day defendant failed to timely

  deliver "other instruments under which the plan is operated" and a summary plan description.

5. For such other legal or equitable relief as this Court deems just and proper.

WHEREFORE, plaintiff Teresa A. McCoy demands relief and judgment against the defendant State Street Corporation as follows:

1. In an amount of damages to be determined by this Court, or jury, plus pre-judgment interest, post-judgment interest, costs and reasonable attorneys' fees allowed by statute or otherwise.

2. For such other legal or equitable relief as this Court deems just and proper.

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.**

            TERESA MCCOY
            By Her Attorneys,

            */s/ Jonathan M. Feigenbaum*
            _____
            Jonathan M. Feigenbaum, Esq.
            B.B.O. N#546686
            Philips & Angley
            One Bowdoin Square
            Boston, MA 02114
            Tel. No. : (617) 367-8787

**CERTIFICATE OF SERVICE**

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. (NEF), and paper copies will be sent to those indicated as non-registered participants on this day the 18th day of April 2006.

            */s/ Jonathan M. Feigenbaum*

L:\LITG\Tmcc001\complaint.first.amended.wpd