UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERESA MCCOY,<br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA, and STATE<br>STREET CORPORATION,<br>Defendants | C.A. NO. 05-11283NG |

## DEFENDANT'S, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, ANSWER TO AMENDED COMPLAINT

1. Upon information and belief, the Defendant, Prudential, admits the allegations contained in this paragraph of the Complaint.
2. Prudential admits the allegations contained in this paragraph of the Complaint.
3. Prudential is without knowledge or information sufficient to either admit or deny the truth of the allegations contained in paragraph 4 of the Complaint.
4. This paragraph calls for a legal conclusions to which no response is required.  To the extent a response is required, Prudential admits this is an ERISA action and denies the remainder of the allegations contained in paragraph 4 of the Complaint.
5. Prudential admits that Plaintiff was an employee of State Street Bank and Trust Company when she filed claims for short and long term disability benefits and denies the remainder of the allegations contained in paragraph 5 of the Complaint.
6. Prudential admits the allegations contained in this paragraph of the Complaint.
7. Prudential answers that this allegation calls for a legal conclusion, thus no response is required. To the extent a response is required, Prudential admits this is an ERISA action and denies the remainder of the allegations contained in paragraph 7 of the Complaint.
8. Prudential answers that benefits are payable under the Plan provided that all criteria contained in the Plan is met by the claimant.
9. This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Prudential denies the allegations contained in paragraph 9 of the Complaint.
10. Prudential denies the allegations contained in this paragraph of the Complaint.
11. Prudential answers that Ms. McCoy has exhausted her administrative appeals and denies the remainder of the allegations contained in paragraph 11 of the Complaint.
12. This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Prudential denies the allegations contained in paragraph 12 of the Complaint.

57781.1

13.   Prudential denies the allegations contained in this paragraph of the Complaint...
14.   Prudential is without sufficient information to either admit or deny the truth of the allegations with regard to a MetLife policy and denies the remainder of the allegations contained in paragraph 13 of the Complaint.
15.   Prudential denies the allegations contained in this paragraph of the Complaint.

Count I
Benefits Due From Prudential
Under ERISA, 29 U.S.C. § 1132

16. Prudential repeats and reavers its answers contained in paragraphs 1-15 and incorporates the same by reference as if fully set forth herein.

17. Prudential denies the allegations contained in this paragraph of the Complaint.
18. Prudential denies the allegations contained in this paragraph of the Complaint.
19. Prudential denies the allegations contained in this paragraph of the Complaint.
20. Prudential denies the allegations contained in this paragraph of the Complaint.

Count II
Breach of Contract Against Prudential

21. Prudential repeats and reavers its answers contained in paragraphs 1-20 and incorporates the same by reference as if fully set forth herein.
22. Prudential admits the allegations contained in this paragraph of the Complaint.
23. Prudential denies the allegations contained in this paragraph of the Complaint.

Count III
Failure to Timely Provide Plan Document and SPD

24. Prudential repeats and reavers its answers contained in paragraphs 1-23 and incorporates the same by reference as if fully set forth herein.
25. Prudential admits that requests for documents were made and denies the remainder of the allegations contained in paragraph 25 of the Complaint.
26. Since the statute quoted is a written document, it speaks for itself and no response is required.
27. Prudential denies the allegations contained in this paragraph of the Complaint.

Count IV

28-30.  This Count is not directed at Prudential, thus no response is required.

WHEREFORE, the Defendant requests the following relief:

1.   An order dismissing all claims against it;
2.   An award of all costs and attorneys' fees; and
3.   All further relief that the Court deems just and proper.

57781.1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that Prudential has fully performed its contractual duties owed to the Plaintiff and Plaintiff is estopped from asserting claims against Prudential.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Prudential's handling of Plaintiff's claims for short and long term disability benefits complied fully with terms and conditions of the long term disability coverage provided under the Plan.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the Defendant has complied with and performed all of its promises, obligations and duties to Plaintiff under the short and long term disability coverage provided under the Plan and handling of the Plaintiff's claim for Short and Long Term Disability benefits complied fully with terms and conditions of ERISA.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is not entitled to disability benefits under the short and long term disability coverage provided under the Plan because she is not "totally disabled" as that phrase is defined in the Plan.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Plaintiff's demand for attorney fees should not be granted because under ERISA 29 USC §1132(g) the defenses asserted by Prudential are reasonable and made in good faith.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that each and every act done or statement made by Prudential with reference to the Plaintiff was a good faith assertion of Prudential's rights and therefore was privileged and/or justified.

57781.1

## EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 29 USC §1132(g), Prudential is entitled to an award of its reasonable attorney fees incurred in defense of this matter.

## NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Prudential is not liable to Plaintiff for short or long term disability benefits.

## TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Prudential reserves the right to assert additional defenses up to time of trial.

## ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Plaintiff's demand for a jury trial should be denied in that jury trials are not available in this type of action.

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,
By Its Attorneys,

/s/ Carey L. Bertrand
William T. Bogaert, BBO # 546321
Carey L. Bertrand, BBO# 650496
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

## Certificate of Service

I, Carey Bertrand, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the NEF on May 11, 2006.

/s/ Carey Bertrand

57781.1