UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**EXHIBIT A**

CASE NO. 05-11283-NG

| | |
|---|---|
| TERESA A. MCCOY | ) |
|     Plaintiff | ) |
| | ) |
| V. | ) |
| | ) |
| PRUDENTIAL INSURANCE COMPANY | ) |
| OF AMERICA | ) |
| STATE STREET CORPORATION | ) |
|     Defendant | ) |

## FIRST AMENDED COMPLAINT WITH JURY DEMAND

### Parties

1. Plaintiff is Teresa A. McCoy ("Ms. McCoy") an individual having a usual place of residence at East Taunton, Bristol County, Massachusetts.

2. Defendant is Prudential Insurance Company of America ("Prudential") an insurance company existing under the laws of the State of New Jersey, having a place of business at 213 Washington Street, Newark, New Jersey and doing business in the Commonwealth of Massachusetts.

3. Defendant is State Street Corporation, a Massachusetts Corporation, having a usual place of business at One Lincoln Street, Boston, Suffolk County, Massachusetts.

**Jurisdiction and Venue**

4. This Court has original jurisdiction for claims for benefits arising under 29 U.S.C. § 1132. Venue is proper before this Court, because the plaintiff resides in the eastern district of Massachusetts.

**Facts Common to All Counts**

5. At all times material hereto, Ms. McCoy had been employed as a full time employee of State Street Corporation

6. At all times relevant hereto, Ms. McCoy was a beneficiary under a long term group disability insurance plan provided State Street Corporation and its employees and underwritten and administered by Prudential (" LTD Plan").

7. The LTD Plan is an "employee welfare benefit plan," as defined by ERISA, 29 U.S.C. § 1002(1), and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

8. The LTD Plan is liable for payment of benefits under the LTD Plan.

9. Ms. McCoy is a "participant" in the LTD Plan, as defined by ERISA, 29 U.S.C. § 1002(7).

10. At all times material hereto, and since the date that Ms. McCoy first sought short term disability benefits and long term disability payments under the LTD Plan, she has been "totally disabled" within the meaning of the terms of the LTD Plan, and has been entitled under the LTD Plan to be paid long term disability benefits, and was entitled to be paid short term disability benefits under the appropriate governing documents.

11. At all times material hereto, Ms. McCoy has internally appealed the LTD Plan's denial of her request for benefits and has followed the requirements of the LTD Plan.

12. Ms. McCoy has complied with administrative procedures under the LTD Plan and under ERISA.

13. Prudential has not properly been granted authority to make discretionary benefit decisions by either the plan sponsor, plan administrator or the Massachusetts Division of Insurance. To the extent that Prudential contends that it has been granted authority to make discretionary benefit decisions, that authority was self granted by Prudential alone.

14. The insurance policy under which MetLife paid benefits to Ms. McCoy was not approved by the Massachusetts Division of Insurance, permitting the use of a clause granting discretionary authority to Prudential to pay benefits as it determined.

15. To the extent that Prudential had been granted discretionary authority under the LTD Plan, Prudential abused that discretion and should not been accorded the deference owed to a true fiduciary.

## Count I

### Benefits Due From Prudential
### Under ERISA, 29 U.S.C.§ 1132

16. Plaintiff realleges paragraphs 1 through 15 and incorporates the same by reference as if fully set forth herein again.

17. As the *de facto* plan administrator and benefit payor, Prudential is operating under a conflict of interest, and to the extent that Prudential contends that its decision to deny benefits under the discretionary standard of review, that contention must be denied, and Prudential's decision must be reviewed under a *de novo* standard of review.

18. Prudential's decision to deny to Ms. McCoy's benefits under the LTD Plan are wrongful whether determined under *de novo* standard, or the arbitrary and capricious standard, or the heightened scrutiny standard of review.

19. Ms. McCoy fulfilled all of the requirements for obtaining benefits under the LTD Plan and the insurance policy of Prudential.

20. As a result of Prudential's refusal and failure to pay to Ms. McCoy disability benefits provided to her and to those participants who are totally disabled, Ms. McCoy is entitled to relief against Prudential to recover benefits due to her under the terms of the LTD Plan and insurance policy, to enforce her rights to benefits under the LTD Plan and to clarify her rights to future benefits under the LTD Plan and insurance policy, pursuant to Section 502 of ERISA, 29 U.S.C. §1132.

## Count II

**Breach of Contract Against Prudential**

21. Plaintiff realleges paragraphs 1 through 20 and incorporates the same by reference as if fully set forth herein again.

22. Ms. McCoy is a direct, or intended third party beneficiary of an insurance contract with Prudential and State Street Corporation.

23. Prudential breached that insurance contract, and caused Ms. McCoy to suffer damages.

**Count III**

**Failure to Timely Provide Plan Document and SPD by Prudential**

24. Plaintiff realleges paragraphs 1 through 23 and incorporates the same by reference as if fully set forth herein again.

25. Ms. McCoy, through her attorneys, made written request for the Summary Plan Description, the Plan documents and other documents required to be disclosed in accordance with ERISA and the United States Department of Labor regulations.

26. Pursuant to 29 U.S.C. § 1024(b)(4) the plan administrator shall, whether *de facto* or actual, upon written request of a participant, furnish a copy of the "other instruments under which the plan is operated," and a summary plan description.

27. Prudential failed to provide all of the requested documents, including those specifically required to be produced under US Department of Labor regulations, within thirty days, and as such is subject to a penalty of as described in 29 U.S.C. § 1132( c)(1) and the US Department of Labor regulations of up to $110/per day beginning on the thirty-first (31st) day.

**Count IV**

**Claim for Benefits Against State Street Corporation**

28. Plaintiff realleges paragraphs 1 through 27 and incorporates the same by reference as if fully set forth herein again.

29. Ms. McCoy is a direct, or intended third party beneficiary of an agreement between Prudential and State Street Corporation, or another form of employee benefit arrangement, whereby Prudential agreed to act as claims adjuster for short term disability benefits, and State Street Corporation agreed to make such payments based on the advice of Prudential.

30. State Street Corporation owes benefit payments to Ms. McCoy.

WHEREFORE, plaintiff Teresa A. McCoy demands relief and judgment against the defendant Prudential Insurance Company of America as follows:

1. In an amount of damages to be determined by this Court, or jury, plus pre-judgment interest, post-judgment interest, costs and reasonable attorneys' fees allowed by statute or otherwise.

2. Injunctive relief declaring the rights and duties of the plaintiff and defendant with respect to past benefits owed to the plaintiff, and future benefits to be paid to the plaintiff.

3. For an order precluding a remand of this matter for further determination by the defendant regarding the denial of benefits.

4. For a penalty in the amount of $110.00 per day for each day defendant failed to timely

deliver "other instruments under which the plan is operated" and a summary plan description.

5. For such other legal or equitable relief as this Court deems just and proper.

WHEREFORE, plaintiff Teresa A. McCoy demands relief and judgment against the defendant State Street Corporation as follows:

1. In an amount of damages to be determined by this Court, or jury, plus pre-judgment interest, post-judgment interest, costs and reasonable attorneys' fees allowed by statute or otherwise.

2. For such other legal or equitable relief as this Court deems just and proper.

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.**

            TERESA MCCOY
            By Her Attorneys,

            */s/ Jonathan M. Feigenbaum*
            _____
            Jonathan M. Feigenbaum, Esq.
            B.B.O. N#546686
            Philips & Angley
            One Bowdoin Square
            Boston, MA 02114
            Tel. No. : (617) 367-8787

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. (NEF), and paper copies will be sent to those indicated as non-registered participants on this day the 18th day of April 2006.

            */s/ Jonathan M. Feigenbaum*

L:\LITG\Tmcc001\complaint.first.amended.wpd