UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 05-11283-NG

_____
TERESA A. MCCOY                          )
    Plaintiff                            )
                                         )
v.                                       )
                                         )
PRUDENTIAL INSURANCE COMPANY             )
OF AMERICA and                           )
STATE STREET CORPORATION                 )
    Defendants                           )
_____ )

**PARTIAL OPPOSITION OF STATE STREET CORPORATION TO MOTION OF TERESA MCCOY THAT THE DENIAL OF SHORT TERM DISABILITY BENEFITS CLAIM BY PRUDENTIAL INSURANCE COMPANY OF AMERICA ENTITLES PLAINTIFF TO "REGULAR DISCOVERY AND A JURY TRIAL"**

The defendant State Street Corporation ("State Street") hereby partially opposes the Motion of Teresa McCoy that the Denial of Short Term Disability Benefits Claim by Prudential Insurance Company of America with State Street Corporation is Governed by Massachusetts Law ("Plaintiff's Motion"). As grounds for this partial opposition, State Street submits the following:

    1.    This case concerns the denial of short term and long term disability benefits to the plaintiff who claims to be totally disabled due to headaches. The plaintiff was a participant in State Street's Long Term Disability Plan, an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

-2-

2.  State Street opposes Plaintiff's Motion to the extent plaintiff claims that by virtue of the claim for short term disability benefits she is entitled to "regular discovery and a jury trial."

3.  State Street was added as a defendant pursuant to a Scheduling Order of this Court adopted on or about April 3, 2006, nearly a year after this case was initially filed. The only claim against State Street concerns the payment of short term disability benefits to the plaintiff.

4.  Plaintiff claims that she is entitled to short term disability benefits because she has been "totally disabled" and was "entitled to be paid short term disability benefits under the appropriate governing documents." First Amended Complaint with Jury Demand, ¶10.

5.  It is undisputed that Prudential Insurance Company of America ("Prudential") administered claims and appeals for short term disability benefits for State Street. Plaintiff's basis for adding State Street as a defendant was because Prudential's counsel allegedly "disclosed that short term disability benefits are paid solely by the plaintiff's former employer, State Street Corporation." (Plaintiff's Motion to File and Serve First Amended Complaint). Other than its required payment of short term disability benefits if Prudential determined that plaintiff was totally disabled, State Street is not alleged to have any other involvement with Plaintiff's dispute.

6.  The First Circuit has recognized that where a claimant's challenge to the denial of long term disability benefits under an ERISA plan is based upon eligibility for benefits, the plaintiff is generally not entitled to discovery beyond the administrative

record.  Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 518 (1st Cir. 2005).  Nor is the plaintiff entitled to a jury trial.  Id. at fn. 10.

7. One of the rationales for limiting discovery in ERISA cases is based upon a goal of ERISA: "to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously."  Newman v. Standard Ins. Co., 997 F. Supp. 1276, 1280 (C.D. Cal. 1998), citing Taft v. Equitable Life Assurance Soc'y, 9 F.3d 1469, 1472 (9th Cir. 1993), quoting Sandoval v. Aetna Life & Casualty Ins. Co., 967 F. 2d 377, 380 (10th Cir. 1992).  If discovery were permitted, "[t]he expense of ERISA litigation could easily be more than the benefits at issue."  Id.

8. In this case, the plaintiff will significantly increase the cost and delay associated with resolution of the matter if discovery and a jury trial are permitted.  Although such discovery and a jury trial would not be permitted pursuant to her long term disability claim, by adding her claim for short term disability benefits, and claiming that she is thereby entitled to "regular discovery" and a jury trial she has significantly increased the potential cost of the litigation.   This result is inconsistent with the goals of ERISA, and with the goals of the Local Rules implementing the Civil Justice Expense and Delay Reduction Plan, pursuant to the Civil Justice Reform Act of 1990, as codified at 28 U.S.C. Act of 1992, §475.

9. The determination whether plaintiff is disabled under the short term disability governing documents can and should be decided upon the administrative record through the anticipated and familiar Cross-motions for Summary Judgment.  See, Orndorf, 404 F. 3d at 517; see also, Brilmyer v. Univ. of Chicago, et al., 2006 WL 1305100 (D. Mass. May 5, 2006) (strong presumption that record on review of long term

disability claim is limited to record before administrator). Given the relationship of the short term disability claim to the overall dispute, plaintiff's motion should be denied.

WHEREFORE, State Street respectfully requests that this Court deny Plaintiff's Motion insofar as it requests "regular discovery" and a jury trial.

> Respectfully Submitted,
> STATE STREET CORPORATION,
> By its attorneys,
>
> /s/ Constance M. McGrane
> Constance M. McGrane  BBO #546745
> Johanna L. Matloff  BBO #655178
> CONN KAVANAUGH ROSENTHAL
>   PEISCH & FORD, LLP
> Ten Post Office Square
> Boston, MA 02109
> (617) 482-8200

Dated: June 30, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing on June 30, 2006.

/s/ Constance M. McGrane

257741.1