UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-11283-NG

_____
                                            )
TERESA A. MCCOY                )
                                            )
v.                                          )
                                            )
PRUDENTIAL INSURANCE COMPANY )
OF AMERICA AND STATE STREET )
CORPORATION                    )
_____)

## ANSWER OF DEFENDANT STATE STREET CORPORATION TO FIRST AMENDED COMPLAINT

The defendant State Street Corporation ("State Street" or "defendant") hereby answers the numbered paragraphs of the plaintiff's first amended complaint ("Complaint") as follows:

1.      The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.      The defendant admits that Prudential Insurance Company of America ("Prudential") does business in the Commonwealth of Massachusetts. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

3.      Admitted.

4.      In response to this paragraph, the defendant states that the first sentence of this paragraph contains a legal conclusion as to which no response is required. As to the second sentence, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Otherwise denied.

5.  In response to this paragraph, the defendant admits only that Ms. McCoy has been employed as a full time employee of State Street Bank and Trust Company at various times. Otherwise denied.

6.  In response to this paragraph, the defendant admits that the plaintiff was a participant in a long term disability plan sponsored by State Street Bank and Trust Company which was administered by Prudential ("the LTD Plan"). Otherwise denied.

7.  In response to this paragraph, the defendant states that this paragraph contains conclusions of law as to which no response is required.

8.  The defendant states that this paragraph contains conclusions of law as to which no response is required.

9.  In response to this paragraph, defendant admits that at one time the plaintiff was a participant in the LTD plan. Otherwise denied.

10. Denied.

11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13. Denied.

14. Denied.

15. Denied.

16. The defendant repeats its responses to paragraphs 1 through 15 above.

17. Denied.

18. Denied.

19.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Otherwise denied.

20.     Denied.

21.     The defendant repeats its responses to paragraphs 1 through 20 above.

22.     The defendant states that this paragraph contains a conclusion of law as to which no response is required. Otherwise denied.

23.     Denied.

24.     The defendant repeats its responses to paragraphs 1 through 23 above.

25.     The defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.     The defendant states that this paragraph contains a conclusion of law as to which no response is required. Otherwise denied.

27.     The defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph. Otherwise denied.

28.     The defendant repeats its responses to paragraphs 1 through 27 above.

29.     In response to this paragraph, the defendant admits only that Prudential provided certain services to State Street Bank and Trust Company relating to short term disability coverage. Otherwise denied.

30.     Denied.

31.     The remaining paragraphs of the Complaint entitled "WHEREFORE" set forth requests for relief as to which no response is required.

32.     The defendant specifically denies that plaintiff is entitled to a trial by jury.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's complaint seeks benefits pursuant to and relating to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq., which provides the exclusive remedies for an alleged improper denial of benefits, and Plaintiff is limited to the rights and remedies afforded under ERISA. Under ERISA, Plaintiff is not entitled to seek compensatory, punitive, or other extra-contractual damages.

### Second Affirmative Defense

To the extent (and without admitting that) Plaintiff is entitled to recover any benefits under the Plan at issue, such recovery is subject to setoffs under the terms of the Plan.

### Third Affirmative Defense

To the extent (and without admitting that) Plaintiff is entitled to benefits at this time, such immediate entitlement does not mean that Plaintiff has an entitlement to unlimited future benefits given, inter alia, the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions, or limitations.

### Fourth Affirmative Defense

The determinations by any defendant regarding Plaintiff's claim for benefits were not arbitrary and capricious, but rather were reasonable based on the evidence submitted by Plaintiff and comprising the claim file, and were made in good faith, in accordance with the terms of the Plan and applicable law.

**Fifth Affirmative Defense**

All determinations made by any defendant with respect to Plaintiff's claim for benefits were made in the interest of all Plan participants and beneficiaries and in accordance with the terms and conditions of the Plan documents.

**Sixth Affirmative Defense**

Plaintiff's claim for breach of contract against Prudential (Count II) is wholly preempted by ERISA.

**Seventh Affirmative Defense**

Plaintiff's claim for benefits against State Street Corporation (Count IV) fails to state a claim upon which relief can be granted, and to the extent it relates to an employee welfare benefit plan governed by ERISA, is preempted by ERISA.

**Eighth Affirmative Defense**

The prayers for relief and jury demand are barred to the extent the relief sought are not permitted by ERISA.

**Ninth Affirmative Defense**

Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**Tenth Affirmative Defense**

The Plaintiff's claims for relief are barred by the requirements, exclusions and limitations of the Plan, including without limitation, time limits associated with the administrative remedies of the Plan.

**Eleventh Affirmative Defense**

The Plaintiff's claims are barred by the doctrine of laches.

WHEREFORE, the defendant State Street Corporation respectfully requests that the Court dismiss the Complaint with prejudice, and award defendant its attorneys' fees and costs.

STATE STREET CORPORATION,
By its attorneys,

/s/ Constance M. McGrane
Constance M. McGrane  (BBO #546745)
Johanna L. Matloff  (BBO #655178)
CONN KAVANAUGH ROSENTHAL
  PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA  02109
(617) 482-8200

Dated:  July 10, 2006

**CERTIFICATE OF SERVICE**

 I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing on July 10, 2006.

/s/ Constance M. McGrane

257990.1