UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERESA MCCOY,<br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA,<br>STATE STREET CORPORATION,<br>Defendants | C.A. NO. 05-11283NG |

**DEFENDANT'S, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, OPPOSITION TO PLAINTIFF'S MOTION THAT THE DENIAL OF BENEFITS CLAIM BY PRUDENTIAL INSURANCE COMPANY OF AMERICA IS SUBJECT TO THE "DE NOVO" STANDARD OF REVIEW**

NOW COMES the Defendant, The Prudential Insurance Company of America ("Prudential"), and hereby opposes Plaintiff's Motion that the Denial of Benefits Claim by Prudential Insurance Company of America is Subject to the "*De Novo*" Standard of Review. It is Prudential's position that the "abuse of discretion" or "arbitrary and capricious" standard of review is the legal standard of review in this action brought under the Employee Retirement Income Security Act ("ERISA"). In support of its Opposition, Prudential states as follows:

Introduction and Background

The purpose of ERISA is to allow participants swift resolution of their claims. Application of the arbitrary and capricious standard of review permits a limited review of the Administrator's decision by the Court but ensures that the decision was reasonable and supported by substantial evidence. If in every ERISA case, review is under the *de novo* standard, this essential purpose of the ERISA statute will essentially be circumvented and every case will

inevitably become a standard civil case.[1]

Plaintiff, Teresa McCoy (hereinafter referred to as "McCoy"), was formerly employed as a Bank Teller by State Street and was an eligible participant in Group Plan #GW-23043, which covers long-term disability (hereinafter referred to as "LTD") benefits. She alleges she became totally disabled in May of 2002 due to headaches and fatigue. Prudential denied her claim for both short term and long term benefits as McCoy did not meet the elimination period under the policy. McCoy appealed the decision of Prudential and since Prudential upheld its decision during the administrative appeals process, the instant litigation ensued.

Pertinent Plan Language

The Plan Language mentioned below is contained in the Agreed to Record for Judicial Review[2] and referred to as "TM 0000." Group Plan #GW-23403 provides LTD benefits. Under the Plan, a policyholder must be continuously disabled through the elimination period, which is defined as "a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential." TM 00014. The elimination period at issue in this matter is twenty-six (26) weeks. TM 00014. To recover LTD benefits, a policyholder is considered Disabled when Prudential determines that all of these conditions are met:

(1) You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and

(2) You have a 20% or more loss in your **indexed monthly earnings** due to that **sickness** or **injury**.

"After 24 months of payment, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any **gainful**

---

[1] In this respect the web article cited in Footnote No. 4 of McCoy's memorandum which argues for a prohibition of a discretionary standard in these plans blithely ignores one of ERISA's central purposes.

[2] The Agreed to Record for Judicial Review was hand delivered to the Court and conventionally filed on June 26, 2006 pursuant to the Scheduling Order of the Court adopted on April 3, 2006. The Record had previously been provided to counsel for both Plaintiff and co-defendant.

2

60531.1

> **occupation** for which you are reasonably fitted by education, training or experience." TM 00013.

The Plan further provides,

> "Disabilities due to sickness of injury which, as determined by Prudential, are primarily based on **self-reported symptoms** have a limited pay period during your lifetime…The limited pay period for self-reported symptoms and mental illness is 24 months during your lifetime." TM 0021.

The Plan states, "…you must send Prudential written proof of claim no later than 90 days after your elimination period ends."  TM 00026.  The Plan further provides that "the proof of claim must show:

> (1) that you are under the **regular care** of a **doctor**.
> (2) the appropriate documentation of your monthly earnings.
> (3) the date your disability began.
> (4) appropriate documentation of the disabling disorder.
> (5) the extent of your disability, including restrictions and limitations preventing you from performing your regular occupation or gainful occupation.
> (6) the name and address of any **hospital or institution** where you received treatment, including all attending doctors.
> (7) the name and address of any doctor you have seen." TM 00026.

The Plan also contains an ERISA Statement. This ERISA Statement is part of the Booklet and Plan documents and is listed in the Table of Contents at TM 00005.  It states:

> "The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits.  The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious." TM 00036.

As discussed more fully below, based on the language contained in the Plan Booklet and in the ERISA Statement, the arbitrary and capricious standard of review should be applied to the instant matter as no question remains that Prudential alone had the discretion to interpret the terms and conditions of the Plan and make benefit decisions pursuant to Prudential's interpretation of those terms and conditions.

ARGUMENT

    A. Applicable Standard of Review is Arbitrary and Capricious

    1.    Standard of Review

Judicial review in this matter is limited to determining whether Prudential's decision was arbitrary and capricious or without rational basis. The Supreme Court has determined that "a denial of benefits challenged under §502(a)(1)(B) of ERISA, §1132(a)(1)(B), is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone v Tire & Rubber Co., v. Bruch, 489 U.S. 101, 115 (1989); Sullivan v. Raytheon Co., 262 F. 3d 41 (1st Cir. 2001); Pari-Fasano v. ITT Hartford Life & Accident Ins., Co., 230 F. 3d 415, 418 (1st Cir. 2000); Terry v. Bayer, 145 F.3d 28, 35 (1st Cir. 1998). When a clear discretionary grant is found, "Firestone and its progeny mandate a deferential arbitrary and capricious standard of judicial review." Recupero v. New England Tel. and Tel. Co., 118 F.3d 820, 827 (1st Cir. 1997).

    2.    Plan Language Grants Discretion to Prudential

The Plan specifically provides that Prudential is the ultimate decision-maker when it comes to benefit determinations and specifically provides that "Total Disability" exists when Prudential determines that certain conditions are met during the initial period of disability and after the initial period of disability. TM 00013. Further, Prudential requires satisfactory proof of claim. TM 00026. Finally, the ERISA Statement clearly notifies the beneficiary that Prudential has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. TM 00036. Based on the foregoing, it is beyond any reasonable dispute that the Plan and the Committee granted Prudential

4

60531.1

"discretionary authority to determine eligibility for benefits and to construe the terms of the Plan." Firestone, supra. The language [of the Plan] mentioned above admits of no other interpretation. Terry, supra at 37.

Because the Plan affords Prudential discretionary authority to determine eligibility for benefits and to construe the terms of the Plan, Prudential's decision must be upheld unless it is arbitrary, capricious, or an abuse of discretion. Sullivan v. Raytheon Co., 262 F.3d 41(1st Cir. 2001). Previously, this District has interpreted the particular policy language at issue here ("[y]ou are disabled when Prudential determines that…") and held that the language was sufficient to grant Prudential discretionary authority thereby applying the arbitrary and capricious standard of review. For example, Judge Stearns, ruled that the "[y]ou are disabled when Prudential determines that…" language was sufficient to grant Prudential authority and discretion and ruled that the applicable standard of review was arbitrary and capricious. McLaughlin v. The Prudential Insurance Company of America, 2004 U.S. Dist. LEXIS 9313 (D. Mass. 2004); McEleney v. The Prudential Insurance Company of America, C.A. No.: 02-11666-MEL, Unpublished Endorsement of Judge Lasker, July 21, 2004, (D. Mass. 2004)(holding Plan language was sufficient to grant discretion and ruling that applicable standard of review was arbitrary and capricious), attached hereto as Exhibit 1; *See also,* Murphy v. International Business Machines Corp., 23 F. 3d 719 (C.A. 2nd Cir. 1994).

3.    Plan Language Is Unambiguous

Additionally, the language in the Plan is straightforward and therefore, should be given its natural meaning in an ERISA-regulated policy. Hughes v. Boston Mut. Life Ins. Co., 26 F.3d 264 (1st Cir. 1994). Furthermore, common sense cannons of contract interpretation can be used to construe ERISA-governed plans. Pizzoti v. Polaroid Corp., 985 F. 2d 13, 14 (1st Cir. 1998).

5

At every stage of benefit determinations, Prudential has the sole authority, control and discretion to make decisions. This Court has previously determined that in ERISA matters, the Court must consider all Plan documents when determining the applicable standard of review. See <u>Giannone v. Metropolitan Life Insurance Company,</u> 311 F. Supp. 2d 168(2004); <u>DiGregorio v. PriceWaterhouseCoopers Long Term Disability Plan, et al.,</u> 2004 U.S. Dist. LEXIS 15485 (D. Mass. 2004). Based on the foregoing principles of construction, the ERISA Statement cannot be ignored when making a determination on the Plan language. The ERISA Statement puts the beneficiary on notice that Prudential will be making determinations pursuant to the Plan and the Plan language explains the process by which Prudential will make those decisions. As mentioned previously, the ERISA Statement is clearly listed as part of the Plan Booklet in the Table of Contents, TM 00005. Therefore, not only does the Plan's language make clear that Prudential has authority to make the decision to deny McCoy's claim for benefits, which is at issue in the instant case this language is clearly supplemented and reinforced by the ERISA statement. Accordingly, the arbitrary and capricious standard of review should be applied to the instant case.

4.  "When Prudential Determines" is Sufficient to Confer Discretion in this District

Plaintiff has argued that the language contained in the Plan is insufficient to confer discretion on Prudential and cites to cases in other district and circuits supporting this view. This argument ignores the case law of this District, where Massachusetts Courts have conferred discretion to Prudential based upon the same "when Prudential determines" language. <u>McLaughlin</u>, *supra*. See <u>McEleney</u>, *supra*. In these Massachusetts cases, as well as the case law in other circuits which have recently held that the language at issue confers discretion upon Prudential. See, <u>Noland v. Prudential Ins. Co. of America</u>, 2006 WL 1526082 (6th Cir. June 2,

6

2006) ("The plan states that benefits are granted only 'When Prudential determines that all of these conditions are met…' Such language reserves discretionary authority to Prudential."). It should be noted that in none of these cases did the Plan contain an ERISA statement. The ERISA Statement clearly present in the instant Plan notifies the claimant that Prudential is the sole decision maker and that the language contained in the Plan confers discretion upon Prudential. The pertinent plan language, coupled with the notification contained in the ERISA Statement, serves to reserve discretionary authority to Prudential and puts the claimant on notice of that fact. Given the prior decisions in the District on the "when Prudential determines" language and the inclusion of the ERISA Statement in the instant Plan, there is no question that Prudential was granted discretion in the Plan documents and that the arbitrary and capricious standard should apply.

  Plaintiff fails to cite to any case law in this Circuit in which the language contained in a Plan Booklet, in the form of an ERISA Statement, was insufficient to confer discretion. Moreover, Prudential is unaware of any ruling in this Circuit where a Court considered the ERISA Statement and the pertinent policy provisions and deemed the combination insufficient to confer discretion upon Prudential. While McCoy argues that the ERISA Statement should be disregarded because the page before the ERISA Statement states that the Statement is not part of the Insurance Certificate, this argument ignores the fact that the ERISA Statement is clearly made part of the Plan Booklet as it is included in the Table of Contents and sufficiently puts the claimant on notice that the language contained in the Plan Booklet confers discretion on Prudential and that Prudential will be making decisions as to benefits. Plaintiff misses the point in arguing that the ERISA Statement alone does not, and perhaps cannot, confer discretion on Prudential. Rather the ERISA statement serves to notify the claimant of Prudential's

7

60531.1

discretionary authority and further explains what the plan language has always stated; Prudential makes the claim benefit decisions pursuant to the terms of the Plan.

      6.      Prudential Has Not Made a Nationwide Stipulation on the Plan Language

Plaintiff has also argued that the "when Prudential determines" language is insufficient to confer discretion because Prudential has "represented to another Court that Prudential would never again argue that the "Prudential determines" language vests discretion in Prudential." Plaintiff's Memo @ 5. This argument is both factually inaccurate and disingenuous. Nothing in the transcript of a discovery motion hearing provided to this Court by Plaintiff can be relied upon to suggest that Prudential was making a "nationwide" stipulation. The ERISA litigation before this Court is unrelated to the <u>Sullivan</u> litigation. The parties are not even the same nor is the <u>Sullivan</u> case one within this District or Circuit.[3] Any statements made within the context of the <u>Sullivan</u> litigation are not binding upon Prudential in the case before this Court.[4] The doctrine of judicial estoppel would not bar Prudential from arguing in this District that the "when Prudential determines" language is insufficient to confer discretion upon Prudential.[5] Thus, since

---

[3] Within less than one month before the *Sullivan* hearing, the U.S. District Court of the Southern District of California addressed the argument of discretionary authority conferred upon Prudential by its plan language in *Perez v. Cozen & O'Connor Group Long Term Disability Coverage*, Slip Op., 2005 WL 3116753 (S.D. Cal. Nov. 3, 2005). In *Perez,* the Southern District of California relied upon the *Diaz v. Prudential Insurance Company of America.*, 424 F.3d 635 (7th Cir. 2005) in denying that the *Perez* policy conferred discretion. At the time the motion for a protective order was being argued in *Sullivan*, *Perez* was the <u>only</u> published decision within the Ninth Circuit that addressed the Seventh Circuit's then recent ruling in *Diaz.* More important, counsel who argued in *Sullivan* was the same counsel who argued in *Perez.* Accordingly counsel could not ignore or contradict the controlling precedent of that Circuit. This is especially so since the Ninth Circuit had not issued any published opinions addressing the Seventh Circuit's decision in *Diaz.* Consequently, the clear conclusion from reading the transcript is that the statements made at the *Sullivan* hearing were made as a result of the stated interpretation of existing case law established within the Ninth Circuit and were not a Stipulation in all matters in all jurisdictions.

[4] Indeed, the *Sullivan* Court recognized this fact in the published decision issued pursuant to the hearing. *See Sullivan v. Prudential Ins. Co. of Am*., 233 F.R.D. 573, n.1. (C.D. Cal. 2005)**.** At oral argument, counsel for Prudential stated that, **in this action**, Prudential does not claim that the phrase "when Prudential determines" is sufficient to grant Prudential discretionary authority under ERISA; thus, this information is of limited relevancy." *Id.*

[5] "As a general matter, the doctrine of judicial estoppel prevents a litigant from pressing a claim that is inconsistent with a position taken by the litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding." <u>Alternative System Concepts, Inc. v. Synopsys, Inc. Successor to Language for Design Automation, Inc.</u>, 374 F.3d 23, 32-33 (1st Cir. 2004)(citations omitted). The law in this Circuit is that two or possible three

Prudential made no "nationwide" stipulation and because Prudential certainly did not benefit from the position it took in *Sullivan*, there is nothing to bar Prudential from asserting that the Group Policy before this Court confers discretionary authority upon Prudential.

In the case *sub judice*, Prudential's position concerning the appropriate standard of review must be evaluated within the context of case the binding authority of this Circuit. Neither the U.S. Supreme Court nor the First Circuit has addressed the appropriate standard of review for Prudential's policy language and the Circuits which have addressed the issue are split. Prudential cannot be estopped for any alleged inconsistencies in Prudential's position asserted in this case under the judicial estoppel doctrine because the position taken here was not made in bad faith. Indeed, Prudential respectfully submits that prior rulings by Courts in this and other Districts demonstrate further that Prudential's position is not made in bad faith.

Finally, there is no question that the Plan Booklet at issue in this matter contains a delegation of authority to Prudential.  The very first page of the Plan Booklet is entitled "State Street Bank and Trust Company Long Term Disability Coverage," TM 00001. The "Benefits Highlights," page TM 00004, listed the Contract Holder as State Street Bank and Trust refers the beneficiary to the Group Insurance Certificate for a full description. Once the beneficiary reviews the Plan language mentioned above, along with the ERISA Statement, there can be no other conclusion that State Street and Prudential have agreed that Prudential is the decision maker under the Plan and that Prudential has the discretion to make all of the decisions regarding the Plan language.

---

conditions must be satisfied before judicial estoppel may be applied; (1)"the estopping position and the estopped position must be directly inconsistent, that is, mutually exclusive; (2) the responsible party must have succeeded in persuading a court to accept its prior position; and (3)while it is not a formal element of a claim for judicial estoppel, courts frequently consider a third factor: absent an estoppel, would the party asserting the inconsistent position derive an unfair advantage?" Alternative System Concepts, Inc., supra, at 33. The First Circuit concluded that judicial estoppel applies when a party has adopted one position, secured a favorable decision, and then taken a contradictory position in search of a legal advantage. Id. supra.

9

B.     Scope of Review Under Arbitrary and Capricious Standard

When a claims administrator has discretion in administering an ERISA-regulated employee benefit plan, judicial review is limited to determining whether the administrator's action is arbitrary and capricious or without rational basis.  Vlass v. Raytheon Employees Disability Trust, 244 F.3d 27, 29-30 (1st Cir. 2001).  The abuse of discretion standard limits the grounds upon which a discretionary claim decision can be disturbed. In reviewing such a decision, a court may not "substitute its judgment" for that of the claim fiduciary. Terry, 145 F.3d at 40. It is for plan fiduciaries, and not courts, to choose between reasonable alternatives involving plan interpretation and administration. Jestings v. New England Telephone & Telegraph Co., 757 F.2d 8, 9 (1st Cir. 1985).

When vested with discretionary authority, it is the claim administrator's responsibility to weigh conflicting evidence. Vlass, 244 F.3d at 32. It is the claim administrator's responsibility to make factual findings relating to a claimant's condition. Doyle v. Paul Revere Life Ins. Co., 144 F.3d 181, 185 (1st Cir. 1998).  Under the Plan, it is Prudential's duty to determine whether a claimant is able to perform the material and substantial duties of his or her occupation due to sickness or accidental injury.  When the arbitrary and capricious standard is applied, Prudential's decision can be overturned only if the insurer's eligibility determination was unreasonable in light of the information available to it.  Boardman v. The Prudential Insurance Company of America et al., 337 F. 3d 9, 15 (1st Cir. 2003); Pari-Fasano, supra at 419.  "Contrarily, the insurer's decision must be upheld if it was within the insurer's authority, reasoned and supported by substantial evidence in the record." See Boardman citing Doyle, supra at 184.  "The existence of contrary evidence does not necessarily render Prudential's decision arbitrary." See Boardman citing Vlass, supra at 30.  Because the Plan affords Prudential discretionary authority to

determine eligibility for benefits and to construe the terms of the Plan as discussed above, Prudential's decision must be upheld unless it is arbitrary, capricious, or an abuse of discretion. Sullivan v. Raytheon Co., 262 F.3d 41(1st Cir. 2001).

CONCLUSION

Based on the foregoing, this Court should review this matter applying the arbitrary and capricious standard of review.  The Court should determine whether Prudential's decision was reasonable and supported by substantial evidence by reviewing the information before Prudential at the time it made its decision.

WHEREFORE, Prudential respectfully requests that this honorable Court deny Plaintiff's Motion to *de novo* standard of review and review this matter under an arbitrary and capricious standard.

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,
By Its Attorneys,

/s/ Carey L. Bertrand
William T. Bogaert, BBO # 546321
Carey L. Bertrand, BBO# 650496
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

**Certificate of Service**

I, Carey Bertrand, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the NEF on July 10, 2006.

/s/ Carey Bertrand

**E N D O R S E M E N T**

LINDA MCELENY v. PRUDENTIAL INSURANCE CO. OF AMERICA
02-CV-11666-MEL

---

LASKER, D.J.

      This is a claim for benefits brought under 29 U.S.C. § 1132(a)(1)(B). Plaintiff moves to compel Defendant to provide responses to interrogatories and document requests. The motion is granted in part and denied in part, as follows:

      The parties dispute which standard of review applies to the denial of benefits. I conclude that the language of the Plan is sufficient to grant discretionary authority to Prudential and the Plan's Administrator and fiduciary. Therefore, the denial of benefits may be reviewed only for abuse of discretion. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).

      However, Plaintiff has made a threshold showing of the existence of a conflict of interest. Accordingly, Plaintiff shall be permitted to depose one witness knowledgeable as to why Defendant followed the procedures that it followed in denying Plaintiff's claim for benefits.

      It is so ordered.

Dated:    July 21, 2004
           Boston, Massachusetts    /s/ Morris E. Lasker
                                                       U.S.D.J.