UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TERESA A. MCCOY,** )<br>    **Plaintiff,** )<br> )<br> v. )<br> )<br>**PRUDENTIAL INSURANCE COMPANY** )<br>**OF AMERICA AND STATE STREET** )<br>**CORPORATION,** )<br>    **Defendants.** ) | C.A. No. 05-11283-NG |

**GERTNER, D.J.:**

**MEMORANDUM AND ORDER RE: STANDARD OF REVIEW
AND APPLICABILITY OF STATE LAW**
July 31, 2006

Plaintiff moves **[document #14]** for this Court to apply a de novo standard of review to plaintiff's claims.  For the reasons set forth below, plaintiff's motion for de novo review is **DENIED.**

The Court will review a benefits challenge under a de novo standard unless the benefit plan grants the plan administrator discretionary authority to determine benefits eligibility. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Here, the Plan itself states that benefits will be granted "when Prudential determines" that an individual is eligible.  As Plaintiff correctly points out, other courts have found this exact language insufficient to constitute a clear grant of discretion.  See, e.g., Urso v. Prudential Ins. Co. of America, 2004 U.S. Dist. LEXIS 23930, at *8 (D.N.H. 2004); see also Heinrich v. Prudential Ins. Co. of America, 2005 U.S. Dist. LEXIS 15566 at *21-22 (N.D. Cal. 2005).

I need not decide the issue on this language alone, however, because the ERISA Statement included with the Plan contains a clearer grant of discretionary authority.  It is true that Prudential would be better served by a clearer grant of discretionary authority.  See Brigham v. Sun Life of Canada, 317 F.3d 72, 81 (1st Cir. 2003) ("wholly endors[ing]" the sample language suggested by the Seventh Circuit in Herzberger v. Standard Ins. Co., 205 F.3d 327, 331 (7th Cir. 2000)).  I find, however, that the combined language in the Plan and the ERISA Statement is sufficient to provide a clear grant of authority to Prudential and hence require that the court review Prudential's decision only for arbitrary or capricious decisions.

Plaintiff also moves **[document #17]** for a declaration that state law -- and state law discovery rules -- apply to Prudential's short-term disability benefits claims against defendant State Street.  Defendant does not contest that state law applies to these claims.  Plaintiff should be granted appropriate discovery and a jury trial on claims brought under state law.  This motion is therefore **GRANTED.**


SO ORDERED.
Dated: July 31, 2006                    　s/ NANCY GERTNER U.S.D.J.